**FILED**
Aug 26, 2015
AUG 2 6 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **15 CR 525** |
| | ) | |
| vs. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 287 and 1341 |
| STEVEN SEGURA | ) | |

**JUDGE WOOD**

**MAGISTRATE JUDGE SCHENKIER**

<u>COUNT ONE</u>

The SPECIAL SEPTEMBER 2014 GRAND JURY charges:

1.  At times material to the indictment:

    a.  The Internal Revenue Service was part of the United States Department of the Treasury. The IRS allowed estates and trusts entitled to a refund of federal income taxes to claim that refund by submitting a Form 1041 United States Income Tax Return for Estates and Trusts;

    b.  The Form 1041 tax return required the estate or trust to provide, among other things, the estate's or trust's name and address, the name and title of its fiduciary, its Employer Identification Number, its total income for the tax year, the amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed; and

    c.  The IRS considered information on the Form 1041 in determining and issuing refunds. After receiving this information, the IRS issued a refund to the trust by mail or electronically if there were no outstanding tax liabilities or other federally

authorized deductions on record with the IRS and the estate or trust otherwise appeared to be entitled to a refund.

2. From in or about February 2010 to in or about February 2011, at Chicago, in the Northern District of Illinois, Eastern Division,

STEVEN SEGURA,

defendant herein, knowingly devised and participated in a scheme to defraud and to obtain money and property from the United States by means of materially false and fraudulent pretenses, representations, and promises, and for purposes of executing the scheme and attempting to do so did cause matter to be sent and delivered by the United States Postal Service.

3. It was a part of the scheme that defendant STEVEN SEGURA filed Form 1041 trust income tax returns on behalf of a purported Steven Segura Trust which falsely represented that approximately $1,041,161 in income tax had been withheld from the Steven Segura Trust in an attempt to fraudulently cause the Internal Revenue Service to issue approximately $1,041,161 in income tax refunds to the Steven Segura Trust to which the Steven Segura Trust was not entitled.

4. It was further part of the scheme that, on about February 24, 2010, defendant STEVEN SEGURA caused an Employer Identification Number, namely EIN XX-XXX4355, to be established with the IRS in the name of the "Steven Segura Trust" and caused defendant SEGURA to be listed as the trustee of the purported trust.

5. It was further part of the scheme that, on about March 4, 2010, defendant STEVEN SEGURA caused mailbox number 912 to be opened at the UPS Store at 1137

West Taylor Street, Chicago Illinois, with defendant SEGURA as an authorized recipient of mail.

6. It was further part of the scheme that, on about March 6, 2010, defendant STEVEN SEGURA filed and caused the filing by United States mail of Form 1041 Trust Income Tax Returns in the name of the purported Steven Segura Trust utilizing the EIN XX-XXX4355 for tax years 2007 and 2008. In each of these trust income tax returns defendant SEGURA made false statements regarding the total income, fiduciary fees, and tax paid, and in each return falsely claimed a refund for the purported Steven Segura Trust in the amount of $300,000.

7. It was further part of the scheme that, on about August 3, 2010, after defendant STEVEN SEGURA was unsuccessful in fraudulently obtaining refunds through the Form 1041 Trust Income Tax Returns filed on March 6, 2010, defendant SEGURA filed with the Cook County Recorder of Deeds document 1021548000, a purported social security trust affidavit, which defendant SEGURA used to support defendant's false representations concerning the Steven Segura Trust and attached to fraudulent Form 1041 Trust Income Tax Returns which defendant SEGURA subsequently filed on behalf of the Steven Segura Trust.

8. It was further part of the scheme that, on about September 2, 2010, defendant STEVEN SEGURA again filed and caused the filing by United States mail of Form 1041 Trust Income Tax Returns in the name of the purported Steven Segura Trust utilizing the EIN XX-XXX4355 for tax years 2007 and 2008. In each of these trust income tax returns defendant SEGURA made false statements regarding the total income,

fiduciary fees, and tax paid, and in each return falsely claimed a refund for the purported Steven Segura Trust in the amount of $300,000.

9. It was further part of the scheme that, on about September 7, 2010, defendant STEVEN SEGURA filed and caused the filing by United States mail of a Form 1041 Trust Income Tax Return in the name of the purported Steven Segura Trust utilizing the EIN XX-XXX4355 for tax year 2009. In this trust income tax return defendant SEGURA made false statements regarding the total income, fiduciary fees, and tax paid, and falsely claimed a refund for the purported Steven Segura Trust in the amount of $441,161.

10. It was further part of the scheme that on about October 18, 2010, defendant STEVEN SEGURA fraudulently caused the United States Department of the Treasury to issue a check in the amount of $300,000, payable to "STEVEN SEGURA, STEVEN SEGURA TTEE", which Treasury check represented a tax refund in the name of the purported Steven Segura Trust for the tax year 2008, and to send the $300,000 Treasury check by the United States mail to defendant SEGURA at mailbox number 912, 1137 West Taylor Street, Chicago Illinois. In fact, as defendant SEGURA knew, no refund was due the Steven Segura Trust for tax year 2008.

11. It was further part of the scheme that, on about January 19, 2011, defendant STEVEN SEGURA opened an account at JPMorgan Chase Bank in the name of the Steven Segura Trust utilizing the EIN XX-XXX4355, with defendant SEGURA as trustee and sole signatory.

12. It was further part of the scheme that, on about January 19, 2011, defendant STEVEN SEGURA endorsed and deposited the $300,000 Treasury check representing the fraudulently obtained 2008 tax refund for the Steven Segura Trust into the Steven Segura Trust account at JPMorgan Chase Bank.

13. It was further part of the scheme that, from about January 25, 2011, through in and about February 2011, defendant STEVEN SEGURA withdrew from the Steven Segura Trust account at JPMorgan Chase Bank and converted to his own benefit the funds constituting the fraudulently obtained $300,000 tax refund.

14. It was further part of the scheme that defendant STEVEN SEGURA concealed and hid and caused to be concealed and hidden acts done in furtherance of the scheme and proceeds of the scheme, including by using proceeds of the scheme to purchase a vehicle in the name of a third party.

15. On or about September 2, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

STEVEN SEGURA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly placed in a post office and authorized depository for mail matter an envelope to be sent and delivered by the United States Postal Service according to the directions thereon, which envelope contained Form 1041 Trust Income Tax Returns in the name of the purported Steven Segura Trust for tax years 2007 and 2008, and which envelope was addressed to

Department of Treasury
Internal Revenue Service
Cincinatti, Ohio 45999-0048;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 14 of Count One of this Indictment are incorporated here.

2. On or about September 7, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

STEVEN SEGURA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly placed in a post office and authorized depository for mail matter an envelope to be sent and delivered by the United States Postal Service according to the directions thereon, which envelope contained a Form 1041 Trust Income Tax Return in the name of the purported Steven Segura Trust for tax year 2009, and which envelope was addressed to

Department of Treasury
Internal Revenue Service
Cincinnati, Ohio 45999-0048;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 14 of Count One of this Indictment are incorporated here.

2. On or about October 18, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

STEVEN SEGURA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be sent and delivered by the United States Postal Service according to the directions thereon an envelope containing a United States Treasury check in the amount of $300,000, payable to "STEVEN SEGURA, STEVEN SEGURA TTEE", which Treasury check represented a tax refund in the name of the purported Steven Segura Trust for the tax year 2008, and which envelope was addressed to

1137 W Taylor St, Ste 912
Chicago IL 60607-4380;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. The allegations set forth in paragraph 1 of Count One are incorporated here.

2. On or about September 7, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

STEVEN SEGURA,

defendant herein, made, presented, and caused to be presented to the IRS, an agency of the United States Department of Treasury, a claim upon and against the IRS, that is, a Form 1041 Trust Income Tax Return in the name of the purported Steven Segura Trust, utilizing the EIN XX-XXX4355 for tax year 2008 which claimed a refund in the amount of $300,000, knowing that the claim was false, fictitious, and fraudulent;

In violation of Title 18, United States Code, Section 287.

## COUNT FIVE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. The allegations set forth in paragraph 1 of Count One are incorporated here.

2. On or about January 19, 2011, at Chicago, in the Northern District of Illinois, Eastern Division,

STEVEN SEGURA,

defendant herein, made, presented, and caused to be presented to the IRS, an agency of the United States Department of Treasury, a claim upon and against the IRS, that is, a United States Treasury check dated October 18, 2010, made payable in the amount of $300,000 to "STEVEN SEGURA, STEVEN SEGURA TTEE" which check constituted a federal income tax refund for the year 2008, and which defendant deposited into an account at a Chicago bank, knowing that the claim was false, fictitious, and fraudulent;

In violation of Title 18, United States Code, Section 287.

## FORFIEITURE ALLEGATION

The SPECIAL SEPTEMBER 2014 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1341, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

   a personal money judgment in the amount of approximately $300,000.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11